# UNITED STATES COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No.:

BERNABE NUNEZ, and
ISAI PEREZ,

    Plaintiff,

vs.

CUSTOM TRUSS LLC, a Florida
Limited Liability Company, and
IVA KUTLOVA,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, BERNABE NUNEZ ("Mr. Nunez") and ISAI PEREZ ("Mr. Perez") (collectively, "Plaintiffs"), by and through the undersigned attorneys, sue Defendants, CUSTOM TRUSS LLC ("CUSTOM TRUSS"), and IVA KUTLOVA ("Ms. Kutlova") (collectively, "Defendants"), and allege the following:

## GENERAL ALLEGATIONS

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Plaintiff, Mr. Nunez, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

3. Plaintiff, Mr. Perez, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

4. Defendant, CUSTOM TRUSS, is a limited liability company, with its principal place of address at 1890 W. Atlantic Avenue, Delray Beach, FL 33444, and within the jurisdiction of this Court.

5. At all times material hereto, CUSTOM TRUSS existed for the manufacture of custom wood trusses and truss systems for builders and homeowners.

6. Defendant, Ms. Kutlova, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

7. At all times material hereto, Ms. Kutlova was the President of CUSTOM TRUSS and was responsible for its daily operations, including all payroll practices and decisions.

8. Ms. Kutlova approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

9. At all times material hereto, Plaintiffs were employed by CUSTOM TRUSS and Ms. Kutlova.

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

11. Upon information and belief, CUSTOM TRUSS's gross annual revenues were in excess of $500,000.00 per year in the years 2016, 2017, and 2018, and will exceed the same in 2019.

12. At all relevant times, CUSTOM TRUSS has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, CUSTOM TRUSS (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years

2016 - 2019. CUSTOM TRUSS has employed and/or continues to employ "employee[s]," including Plaintiffs, who themselves handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

13. Therefore, based on the aforementioned, CUSTOM TRUSS was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

14. At all times material hereto, Plaintiffs, in performing their job duties, were engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

15. Mr. Nunez was employed by CUSTOM TRUSS in the area of general labor from October 1, 2016 through January 7, 2019. As such, for purposes of this lawsuit, Mr. Nunez is entitled to a look-back time period of January 16, 2017 – January 7, 2019.

16. Mr. Perez was employed by CUSTOM TRUSS in the area of general labor from October 1, 2015 through February 14, 2019. As such, for purposes of this lawsuit, Mr. Perez is entitled to a look-back time period of January 16, 2017 – February 14, 2019.

17. At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Plaintiffs performed hours of service for CUSTOM TRUSS in excess of forty (40) hours during one or more workweeks, for which CUSTOM TRUSS failed to properly pay additional overtime premiums.

18. Rather than properly pay Plaintiffs overtimes wages, as is mandated by law, CUSTOM TRUSS would have Plaintiffs "sign in" on a group time sheet and would pay them their normal salary, rather than time and one-half. Furthermore, Defendants had Plaintiffs sign a "Piece Rate Employment Agreement," which is further evidence of Defendants' willful FLSA violations.

19. Upon information and belief, it was the usual practice of CUSTOM TRUSS to pay overtime selectively, and excluded overtime wages to Hispanics, including Plaintiffs.

20. Plaintiffs were not exempt from the right to receive the appropriate overtime pay under the FLSA.

21. Rather, Plaintiffs solely performed non-exempt work, that is, Plaintiffs' primary duties consisted of general labor and other non-supervisory roles.

22. Plaintiffs were not free from supervision in connection with matters of significance such as project management or operations. Moreover, Plaintiffs did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

23. Upon information and belief, Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs.

24. The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay overtime to Plaintiffs for those hours worked in excess of forty (40).

25. Since 2016, Defendants (1) employed Plaintiffs; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Plaintiffs in excess of forty (40) during one or more workweeks, for which CUSTOM TRUSS failed to properly pay additional overtime premiums.

26. Upon information and belief, Defendants' failure to properly pay overtime for those hours worked in excess of forty (40) is not unique to Plaintiffs. Rather, Defendants utilized the exact same aforementioned scheme, in violation of the FLSA, for many employees at various locations with similar job titles and qualifications. This practice of CUSTOM TRUSS applied to all Hispanic employees at all locations.

27. All of these aforementioned CUSTOM TRUSS employees were and have been subject to a payroll policy, practice, and procedure transgressing the requirements of the FLSA.

28. As a result, there exist many other "similarly situated" employees, within the meaning of 29 U.S.C. § 216(b). This putative class includes every employee of CUSTOM TRUSS that was not employed in a managerial or supervisory capacity (*e.g.,* all laborers) and employed for any length of time since three (3) years prior to the filing of the instant lawsuit. Like Plaintiffs, all members of this putative class were paid their respective standard rates of pay for hours worked over forty (40) each week, rather than time and one-half, as is required under Federal law.

29. Specifically, two (2) more employees of CUSTOM TRUSS have already contacted the undersigned. The undersigned will move for conditional class certification when appropriate.

## COUNT I
## RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF BERNABE NUNEZ AGAINST ALL DEFENDANTS

30. BERNABE NUNEZ re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for Unpaid Overtime on behalf of Mr. Nunez against all Defendants.

32. During Mr. Nunez's employment with CUSTOM TRUSS, he worked hours in excess of forty (40) for which he was not properly compensated.

33. Mr. Nunez was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

34. Mr. Nunez was never paid overtime for the hours he worked for CUSTOM TRUSS, from January 16, 2017 through the last date of his employment with CUSTOM TRUSS.

35. Mr. Nunez was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by CUSTOM TRUSS's failure to pay Mr. Nunez time and one-half wages for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due. Rather, CUSTOM TRUSS attempted to intentionally skirt federal law by paying a "bonus" of his regular per-hour rate.

37. Defendants failed to properly disclose or apprise Mr. Nunez of his rights under the FLSA.

38. Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Nunez.

39. Mr. Nunez is entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful, and unlawful acts of CUSTOM TRUSS, Mr. Nunez has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

41. Mr. Nunez is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

42. Mr. Nunez demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, BERNABE NUNEZ, respectfully requests that a judgment be entered against Defendants, CUSTOM TRUSS LLC, and IVA KUTLOVA:

a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Mr. Nunez overtime compensation in the amount to be calculated;

c. Awarding Mr. Nunez liquidated damages in the amount to be calculated;

      d. Awarding Mr. Nunez reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

      e. Awarding Mr. Nunez pre- and post-judgment interest; and

      f. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

### COUNT II
### RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF ISAI PEREZ AGAINST ALL DEFENDANTS

43. ISAI PEREZ re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

44. This is an action for Unpaid Overtime on behalf of Mr. Perez against all Defendants.

45. During Mr. Perez's employment with CUSTOM TRUSS, he worked hours in excess of forty (40) for which he was not properly compensated.

46. Mr. Perez was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

47. Mr. Perez was never paid overtime for the hours he worked for CUSTOM TRUSS, from January 16, 2017 through the last date of his employment with CUSTOM TRUSS.

48. Mr. Perez was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by CUSTOM TRUSS's failure to pay Mr. Perez time and one-half wages for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have

known such was due. Rather, CUSTOM TRUSS attempted to intentionally skirt federal law by paying a "bonus" of his regular per-hour rate.

50. Defendants failed to properly disclose or apprise Mr. Perez of his rights under the FLSA.

51. Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Perez.

52. Mr. Perez is entitled to liquidated damages pursuant to the FLSA.

53. Due to the intentional, willful, and unlawful acts of CUSTOM TRUSS, Mr. Perez has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

54. Mr. Perez is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

55. Mr. Perez demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, ISAI PEREZ, respectfully requests that a judgment be entered against Defendants, CUSTOM TRUSS LLC, and IVA KUTLOVA:

   a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

   b. Awarding Mr. Perez overtime compensation in the amount to be calculated;

   c. Awarding Mr. Perez liquidated damages in the amount to be calculated;

   d. Awarding Mr. Perez reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Mr. Perez pre- and post-judgment interest; and

    f.   Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 16th day of January, 2020.

                    Pike & Lustig, LLP
                    */s/ Daniel Lustig*
                    **Daniel Lustig**
                    Florida Bar No.: 059225
                    **Robert C. Johnson**
                    Florida Bar No.: 116419
                    1209 N. Olive Ave.
                    West Palm Beach, FL 33401
                    Telephone: (561) 855-7585
                    Facsimile: (561) 855-7710
                    Email: pleadings@pikelustig.com
                    *Counsel for Plaintiff*